**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS and TEAMSTERS UPS
NATIONAL NEGOTIATING COMMITTEE,

      Plaintiffs,

v.

                                    **CIVIL ACTION NO.:**

UNITED PARCEL SERVICE, INC.,

      Defendant.

---

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND**
**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65(a) and 65(b), Plaintiffs, the International

Brotherhood of Teamsters ("IBT") and the Teamsters UPS National Negotiating Committee

(together the "Union"), seek the entry of a temporary restraining order ("TRO") and preliminary

injunction to prevent Defendant from continuing to engage in wrongful conduct.  As detailed in

the contemporaneously filed Verified Complaint, this Motion is made on the grounds that:

1. Defendant United Parcel Service, Inc. ("UPS") actions in implementing the Drive Choice

   Program ("DCP") and offering the same to bargaining unit employees constitutes a breach

   of the National Master United Parcel Service Agreement ("NMA") and Local Union

   Supplemental Agreements and Riders.

2. UPS developed and created the DCP without notice to, and bargaining with, the Union.

   The Union was informed of the existence of the DCP after all material terms of the DCP

were finalized by UPS, and the DCP was presented to the Union as a *fait accompli.*

3.  To participate in the DCP, UPS employees must execute a "DCP Separation Agreement and Release" (the "Release") whereby they resign their employment with UPS and agree to never seek reemployment with UPS. The release is irrevocable after the revocation periods expires.

4.  Despite the Union's repeated requests for information, UPS informed the Union that it would be mailing DCP applications to bargaining unit employees nationwide on February 11, 2026.

5.  The Union has properly filed a grievance pursuant to the contractual procedures set forth in the NMA.  However, the grievance and arbitration process, by its design, cannot move fast enough to prevent the irreparable harm caused by the DPC.

6.  By the time that the grievance can be processed and arbitration scheduled and heard, bargaining unit employees will have already executed permanent, non-revocable Releases. Arbitration after the fact would be rendered ineffective and any possible remedy ordered by the arbitrator would be an "empty victory."

7.  At least one grievance filed by IBT Local Unions over the 2025 UPS Driver Voluntary Severance Plan ("DVSP"), which is strikingly similar to DPC, has reached the National Grievance Committee level and will soon be submitted to an impartial arbitrator for a final and binding decision.

The Court should immediately issue a temporary restraining order and schedule a hearing as soon as possible to preliminary enjoin Defendant's implementation of the DCP pending the earlier of the resolution of the DVSP grievances or the DCP grievance through the NMA's grievance and arbitration procedure.  Injunctive relief is appropriate because: (1) Plaintiffs are

likely to succeed on the merits of their claims; (2) the IBT and its members are suffering and will continue to suffer, irreparable harm and have no adequate remedy at law; (3) the benefit to the Plaintiffs of the injunction outweighs any detriment to the Defendant; and (4) the issuance of an injunction while the parties arbitrate their dispute is in the public's interest.

A Temporary Restraining Order and Preliminary Injunction ordering UPS to cease implementation of the DCP until the earlier of the resolution of the DVSP grievances or the DCP grievance through the contractual grievance and arbitration procedure is necessary to protect the integrity of the grievance process and to protect the contractual rights of the affected bargaining unit employees.

In support of their Motion, Plaintiffs submit their Memorandum of Law.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I, the undersigned counsel for Plaintiffs, hereby certify that I have complied in good faith with the requirements of Fed. R. C. P. 65(b) and in furtherance thereof submit the required affidavit, attached as Exhibit C.

## REQUEST FOR HEARING

Plaintiffs respectfully request a hearing on an expedited basis.

Dated: February 9, 2026                       Respectfully submitted,

By their Attorneys,

/s/ Michael A. Feinberg
Michael A. Feinberg, Esq. BBO# 161400
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976
Fax: (617) 338-7070
maf@fdb-law.com

3

/s/ Michael N. Najjar
Michael N. Najjar, Esq. BBO# 713480
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976
Fax: (617) 338-7070
mnn@fdb-law.com

/s/ Sara P. Sullivan
Sara P. Sullivan, Esq. BBO # 713700
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976
Fax: (617) 338-7070
sps@fdb-law.com

## CERTIFICATE OF SERVICE

I, Michael A. Feinberg, hereby certify that on this 9th day of February 2026, a true copy of the forgoing document was served on the below via email as follows:

john.ring@morganlewis.com
John F. Ring, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541

Dated:  February 9, 2026                                    /s/ Michael A. Feinberg
                                                                       Michael A. Feinberg. Esq.